*1269 OPINION.
Lansdon:
From the meager data adduced in evidence, we must determine the taxable income accruing to the petitioners from their interest in the Goodwin lease during the year 1920. Whatever income they received was by reason of their interest in the operating entity designated as the Cooper-Henderson-Goodwin Lease, which came into existence as the result of a contract between the C. E. Cooper Co. and the Leaverton Trust which was executed on July 1, 1920. The C. E. Cooper Co. had a seven-sixteenths interest in any distributive profits earned by the Cooper-Henderson-Goodwin Lease from July 1, 1920, to October 16, 1920. As Cooper and Henderson were equal partners, it follows that the marital community was entitled to seven thirty-seconds of such profits and that, if permitted to make separate income-tax returns for the taxable year, each member of such community should include seven sixty-fourths of such profits in the gross income reported.
It is stipulated that the total net income from the Goodwin lease during the year 1920 was $369,815.81. The petitioners’ right to share in such profits rests on and is defined by the contract that created the Cooper-Henderson-Goodwin Lease, and is limited to the elapsed time from July 1, 1920, to October 16, 1920, when such right was exchanged for shares of stock of the Cooper-Henderson Oil Co. of Texas. So far as we are able to. determine from the record, the accounting term in question of the Cooper-Henderson-Goodwin Lease was from July 1, 1920, to December 31, 1920, inclusive, a period of 184 days. The petitioners’ right to share in the profits earned during such accounting period began at July 1, 1920, and terminated at October 16, 1920, a period of 108 days. We are of the opinion, therefore, that they were entitled to' share in one hundred and eight one hundred and eighty-fourths of the stipulated net income of $369,815.81, which is $215,094.88, and that each petitioner’s share of such income was $23,525.95.

Order of redetermination will be entered on W days’ notice, under Rule 50.